The Honorable James L. Robart

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR05-312JLR |
| v. | [PROPOSED] |
| WILLIAM ALLEN MILLER, | **ORDER OF TRANSFER** |
| Defendant. | |

William Allen Miller, a federal prisoner at the United States Penitentiary in Terre Haute, Indiana, has filed a "Motion for Contempt" in this district. Dkt. 52. In this Motion, he seeks judicial review of the execution of his sentence by the Bureau of Prisons. Specifically, he alleges that the Bureau of Prisons (BOP) inaccurately calculated his release date and that he should be immediately released.

Title 28, United States Code, Section 2241, grants federal district court judges the authority to grant a writ of habeas corpus to a prisoner who is being incarcerated in violation of the Constitution or law of the United States. This power extends to reviewing challenges to the BOP's decisions regarding execution of federal criminal sentences, including calculation of release date. *See Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000). Accordingly, Miller's request for judicial review of the BOP's

Order of Transfer
*US v. William Allen Miller;* CR05-312JLR - 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  calculation of his release date and for an order granting him immediate release is properly
2  construed as a motion for habeas corpus relief pursuant to 28 U.S.C. § 2241.

3  However, district court authority to issue writs of habeas corpus is limited to
4  matters "within their respective jurisdictions." 28 U.S.C. § 2241(a).  For habeas petitions
5  in which the request for relief involves release from physical custody, the only proper
6  venue lies in the district of confinement because the court considering the writ must have
7  jurisdiction over the custodian. *See, e.g., Braden v. 30th Judicial Circuit Court*, 410 U.S.
8  484, 495 (1973); *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("The plain language of
9  the habeas statute thus confirms the general rule that for core habeas petitions challenging
10 present physical confinement, jurisdiction lies in only one district: the district of
11 confinement."); *Campbell*, 204 F.3d 861, 864 (9th Cir. 2000).

12 In this case, the proper respondent for Miller's motion is the Warden of the facility
13 at which Miller is confined, and the only district court with jurisdiction to grant the
14 requested relief is the judicial district with jurisdiction over this Warden.  *See Padilla*,
15 542 U.S. 426, 443 (2004).  Accordingly, as provided by 28 U.S.C. § 2241(b), this Court
16 must "transfer the application for hearing and determination to the district court having
17 jurisdiction to entertain it."  The United States Penitentiary in Terre Haute, Indiana, is in
18 the Southern District of Indiana.  Hence, this action must be transferred there.

19 IT IS THEREFORE ORDERED that Miller's Motion for Contempt shall be
20 construed as a request for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

21 IT IS FURTHER ORDERED that, as provided by 28 U.S.C. § 2241(b), his Motion
22 is transferred to the Southern District of Indiana for consideration.  The Clerk of this
23 Court is directed to take such actions as necessary to implement this transfer and service
24 upon the appropriate parties in the Southern District of Indiana without unreasonable
25 delay.
26 ///
27 ///
28 ///

Order of Transfer
*US v. William Allen Miller; CR05-312JLR* - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

DATED this 18th day of April, 2016.

_____
JAMES L. ROBART
United States District Court Judge

PRESENTED BY:

*s/Sarah Y. Vogel*
SARAH Y. VOGEL
Assistant United States Attorney

Order of Transfer
*US v. William Allen Miller; CR05-312JLR* - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970